**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**
**Judge John L. Kane**

Civil Action No. 1:10-cv-01473-JLK

PAULINE J. BOHUS and HARVEY YAVENER,
derivatively on behalf of nominal defendant
OPPENHEIMER CHAMPION INCOME FUND,

    Plaintiff,

v.

ANGELO MANIOUDAKIS,
JOHN V. MURPHY,
BRIAN W. WIXTED,
WILLIAM L. ARMSTRONG,
ROBERT G. AVIS,
GEORGE C. BOWEN,
EDWARD L. CAMERON,
JON S. FOSSEL,
SAM FREEDMAN,
BEVERLY L. HAMILTON,
ROBERT J. MALONE and
F. WILLIAM MARSHALL,

    Defendants

and

OPPENHEIMER CHAMPION INCOME FUND,

    Nominal Defendant.

---

**PRELIMINARY APPROVAL ORDER**

---

Kane, J.

    **WHEREAS**, the Parties having made application for an order approving the settlement of the above-captioned action ("Action"), in accordance with the Stipulation of Settlement dated as of March 12, 2012 (the "Stipulation"), and the Court having read and considered the

Stipulation and the exhibits annexed thereto; and the terms used herein and not otherwise defined having been deemed to have the same meaning as set forth in the Stipulation.

**IT IS HEREBY ORDERED:**

1. The Stipulation is hereby preliminarily approved as appearing on its face to be fair, adequate and reasonable:

2. A hearing (the "Final Approval Hearing") shall be held before this Court on **Thursday, May 10, 2012**, at **10 a.m**., in Courtroom A802 in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO, 80294, which is as close as practicable to 45 days after mailing of shareholder notice pursuant to ¶ 4 below. The purpose of the hearing is (a) to determine whether the proposed settlement as embodied in the Stipulation (the "Settlement") is fair, reasonable, and adequate, and is in the best interests of the Oppenheimer Champion Income Fund (the "Fund"), Plaintiffs and all shareholders of the Fund as of the close of business on March 12, 2012; (b) to determine whether the Stipulation and Settlement should be finally approved by the Court and an Order and Final Judgment dismissing the Action with prejudice in the form attached as Exhibit B to the Stipulation should be entered; and (c) to rule on such other matters as the Court may deem appropriate. The Court may adjourn the Final Approval Hearing without further notice to the shareholders of the Fund.

3. The Court hereby approves, as to form and content, the Notice of Pendency and Proposed Settlement of Derivative Shareholder Action, substantially in the form attached as Exhibit A (the "Notice") to the Stipulation, and finds that the distribution of the Notice, substantially in the manner and form set forth in ¶ 4 below, constitutes the best notice practicable under the circumstances, meets the requirements of applicable law, is due and sufficient notice to the shareholders of the Fund of all matters relating to the Settlement, and fully satisfies the

requirements of Federal Rule of Civil Procedure 23.1, due process, and any other applicable laws.

4. Within ten (10) days after the entry of this Preliminary Approval Order, Defendants shall cause a copy of the Notice substantially in the form attached as Exhibit A to the Stipulation to be mailed by first class mail to the last known address of the persons owning shares of the Fund as of the close of business on March 12, 2012 (the "Current Shareholders"). To the extent Current Shareholders held shares at broker-dealers or other intermediaries ("Broker-Dealer Intermediaries") and, as a result, Defendants do not possess their names or addresses, the defendants shall within fourteen (14) days of entry of this Order send a notification to the Broker-Dealer Intermediaries requesting that each Broker Dealer Intermediary immediately send copies of the Notice to any Current Shareholder who held shares of the Fund through the Broker-Dealer Intermediary. The Court hereby orders that each such Broker-Dealer Intermediary, upon receipt of such a request, promptly provide a copy of the Notice to all Current Shareholders who held Fund shares through the Broker-Dealer Intermediary.

5. Defendants' Counsel shall, at or prior to the Final Approval Hearing, file with the Court proof of mailing of the Notice. Plaintiffs' Counsel will file their Motion for Final Approval no later than twenty-one (21) days prior to the Final Approval Hearing.

6. Any shareholder of the Fund, at their own expense, may object to the proposed Settlement in writing no later than two weeks prior to the Final Approval Hearing. Plaintiffs' Counsel will file their response to any objections no later than one week prior to the Final Approval Hearing. Any shareholder of the Fund who does not make his, her or its objection two weeks prior to the Final Approval Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the

proposed Settlement, the Order and Final Judgment, or the award of attorneys' fees and expenses, or any other relevant matters as incorporated in the Stipulation unless otherwise ordered by the Court, and shall also be foreclosed from appealing from any judgment or order entered by the Court. Any objection shall include whether the objector intends to be present at the Final Approval Hearing and identify any evidence and/or witnesses the objector intends to present to support his, her, or its objection.

7. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending execution of the Order and Final Judgment, Plaintiffs (individually and derivatively on behalf of the Fund) are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims, and current shareholders are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims on behalf of the Fund.

8. The establishment of the Escrow Account pursuant to the terms of the Stipulation is approved. All funds held in the Escrow Account shall be deemed to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

9. If the Settlement provided for in the Stipulation is not approved by the Court for any reason, if the Settlement is terminated, or if the Court for any reason does not enter the Order and Final Judgment substantially in the form of Exhibit B to the Stipulation, the Stipulation shall be null and void and of no force and effect, and the Parties shall be restored to their respective positions existing prior to the execution of the Stipulation. In any such event, the Stipulation, in

addition to being made null and void and of no force and effect, (a) shall not be deemed to prejudice in any way the respective positions of the Parties with respect to the Action, (b) shall not constitute an admission of fact by any Party, and (c) shall not entitle any of the Parties to recover any costs or expenses incurred in connection with the implementation of the Stipulation.

10. Neither this Preliminary Approval Order, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be deemed a presumption, concession or admission by any Defendant of any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Action, or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as expressly provided for herein.

11. The Court reserves the right to approve the Settlement with such modifications as may be agreed to in writing by the Parties and without further notice to the shareholders of the Fund, and retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: <u>March 15, 2012.</u>                               **s/John L. Kane**
                                                           SENIOR U.S. DISTRICT JUDGE

14338495.1.LITIGATION